

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| R.M.S., | ) | |
| | ) | |
| Appellant, | ) | WD86328 |
| | ) | |
| V. | ) | |
| | ) | |
| LAFAYETTE COUNTY | ) | OPINION FILED: |
| PROSECUTING | ) | AUGUST 20, 2024 |
| ATTORNEY, ET AL, | ) | |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Special Division:  Gary D. Witt, Presiding Judge, Thomas N. Chapman, Judge
and Zel Fischer, Special Judge

R.M.S.[1] appeals the judgment of the Circuit Court of Lafayette County, Missouri

("trial court"), denying, after a hearing, his petition for expungement pursuant to Article

---

[1] We refer to this party by initials to protect the identity of the party.  "It would defeat the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal." *See R.G. v. Mo. State Highway Patrol*, 580 S.W.3d 38, 39 n.1 (Mo. App. W.D. 2019).  "To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal.  *Id.* *R.H. v. Mo. State Highway Patrol Criminal Records Repository*, 578 S.W.3d 398, 400 n.1 (Mo. App. E.D. 2019).

XIV, section 2, of the Missouri Constitution ("Amendment 3"). On appeal, R.M.S. argues that the trial court erred in denying R.M.S.'s petition for expungement because: (1) possession of tetrahydrocannabinol ("THC") is legalized conduct under Amendment 3 and is subject to expungement; and (2) possession of THC meets the definition of a "marijuana offense" under Amendment 3 and is subject to expungement. We affirm the trial court's expungement of R.M.S.'s conviction under Count II. We reverse the portion of the judgment of the trial court that denied the expungement of R.M.S.'s conviction under Count I, order R.M.S.'s conviction under Count I expunged, and order R.M.S. discharged from any incarceration arising solely from this offense, pursuant to the Missouri Constitution.

## Factual and Procedural Background

On September 5, 2017, a Sergeant with the Missouri State Highway Patrol ("Sergeant")[2] conducted a traffic stop of a vehicle on eastbound I-70 in Lafayette County. R.M.S. was a front-seat passenger in the vehicle. Sergeant noticed marijuana residue in plain view on the center console of the vehicle. Sergeant also detected the odor of raw marijuana emanating from the interior of the car. Several items were found in a search of the vehicle, including the following items attributed to R.M.S.: (1) an approximately two-ounce bottle containing "apothecanna" cream labeled as "containing suspected THC"; (2) a bottle containing approximately one ounce of "Re-leaf" brand "THC laced liquid"; and (3) a small amount of marijuana. R.M.S. and his companion told Sergeant

_____

[2] Pursuant to section 509.520, we do not include the names of witnesses other than parties.

2

that they obtained the items legally in Colorado, and there were receipts in the vehicle, for the purchase of the items at a Colorado dispensary.

On April 1, 2019, R.M.S. pled guilty to one count of the class D felony of possession of a controlled substance, pursuant to section 579.015[3] for possession of "tetrahydrocannabinol" (Count I), and one count of the class A misdemeanor of possession of marijuana, a controlled substance, and the amount of the marijuana was more than ten grams pursuant to section 579.015 (Count II).  Count I pertained to the apothecanna cream and the Re-leaf liquid.  Count II pertained to at least some of the raw marijuana found in the vehicle.  R.M.S. entered a plea of guilty to these two charges and was placed on probation.  His probation was later revoked based on several violations of the terms of probation, and R.M.S. ultimately was sentenced to seven years' imprisonment under Count I.

In January of 2023, R.M.S. filed a petition for expungement of marijuana-related offenses for both Counts I and II after Amendment 3 to the Missouri Constitution was adopted by a vote of the citizens of the State and became effective, legalizing recreational possession and use of marijuana and providing a mechanism for those who had previously been convicted of certain marijuana-related offenses to have their convictions expunged.  The Lafayette County prosecutor's office and the Missouri State Highway Patrol (collectively, "the State") opposed the petition as to Count I, arguing that the law at the time R.M.S. pled guilty was that THC did not fall within the definition of marijuana

---

[3] All statutory references are to the Revised Statutes of Missouri (2016) as updated through 2019 unless otherwise indicated.

and that the expungement provisions did not apply to R.M.S.'s conviction on Count I. The State agreed that the conviction under Count II should be expunged pursuant to Amendment 3. At the hearing on the motion, as to Count I, the State acknowledged "that today, if you were found with the same substances in [THC], we couldn't charge them." The trial court indicated it did not "think the wording [was] clear" and indicated it would prefer to let this Court address the matter. The trial court denied R.M.S.'s petition for expungement as to Count I, but granted it as to Count II. This appeal of the denial of expungement for Count I follows. Neither party challenges the trial court's ruling granting the expungement of Count II.

## Standard of Review

As in any court-tried case, we affirm an expungement judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *N.M.C. v. Mo. State Highway Patrol Crim. Recs. Repository*, 661 S.W.3d 18, 23 (Mo. App. E.D. 2023). Application of constitutional or statutory provisions are legal questions we review *de novo*. *Id.*

## Analysis

R.M.S. raises two points on appeal: Point I, the court erred in denying R.M.S.'s petition for expungement because possession of THC is legalized conduct under Amendment 3; and Point II, the court erred in denying R.M.S.'s petition for expungement because possession of THC meets the definition of a "marijuana offense" under Amendment 3. R.M.S.'s two points on appeal make essentially the same argument, and we thus analyze them together.

4

R.M.S. was charged in both counts of the underlying case pursuant to the provisions of section 579.015 which provides:

**579.015. Possession or control of a controlled substance--penalty**

1. A person commits the offense of possession of a controlled substance if he or she knowingly possesses a controlled substance, except as authorized by this chapter or chapter 195.

2. The offense of possession of any controlled substance except thirty-five grams or less of marijuana or any synthetic cannabinoid is a class D felony.

3. The offense of possession of more than ten grams but thirty-five grams or less of marijuana or any synthetic cannabinoid is a class A misdemeanor.

4. The offense of possession of not more than ten grams of marijuana or any synthetic cannabinoid is a class D misdemeanor. If the defendant has previously been found guilty of any offense of the laws related to controlled substances of this state, or of the United States, or any state, territory, or district, the offense is a class A misdemeanor. Prior findings of guilt shall be pleaded and proven in the same manner as required by section 558.021.

5. In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this chapter or chapter 195, it shall not be necessary to include any exception, excuse, proviso, or exemption contained in this chapter or chapter 195, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant.

R.M.S. was charged under Count I with a violation under subsection 2 of this section for possession of a controlled substance (THC) other than possession of 35 grams or less of marijuana or any synthetic cannabinoid. R.M.S. was charged under Count II with a violation of subsection 3 of the offense of possession of marijuana, a controlled substance, and the amount of marijuana was more than ten grams. At the time of R.M.S.'s guilty plea, and prior to the enactment of Amendment 3, possession of THC was considered a separate offense from possession of marijuana. *See State v. Fox*, 658

S.W.3d 186, 190 (Mo. App. W.D. 2022). THC, although not defined in section 195.010, which defined marijuana, was interpreted to be "a substance or compound found *in* both cannabis [marijuana] and synthetic cannabinoids." *Id.* The THC-containing substances R.M.S. possessed were not considered marijuana under section 195.010 pre-Amendment 3.

With the passage of Amendment 3 to the Missouri Constitution, which was incorporated as Article XIV, section 2, Missouri not only legalized recreational possession and use of marijuana, but also provided for the expungement of prior marijuana related convictions and provided several new definitions. Under the constitutional amendment, many of these expungements take place automatically, without the convicted person having to petition the courts or take any affirmative action requesting relief. *See* MO. CONST. art. XIV, § 2.10(7)(b)c (for those on probation or parole for their offenses); *Id.* §2.10(8)(a) (for those no longer under the supervision of the department of corrections).

While not automatic, persons still incarcerated for marijuana offenses may petition the courts for expungement pursuant to section 2.10(7)(a)c, which states,

> Any person currently incarcerated in a prison . . . [w]ho is serving a sentence for a marijuana offense which is a misdemeanor, a class E felony, or a class D felony . . . may petition the sentencing court to vacate the sentence, order immediate release from incarceration and other supervision by the department of corrections, and the expungement of all government records of the case. Such expungement from all government records shall be granted for all of the person's applicable marijuana offenses, absent good cause for denial.[4]

---

[4] R.M.S. argues that the "absent good cause for denial" shifts the burden to the State to establish good cause upon the filing of a petition for expungement alleging that it falls under the

6

The court shall not assess any filing fee for these filings. The office of the state public defender shall prepare and make readily available and accessible a pleading form that may be filed pro se for this purpose. The circuit courts of the state shall also make readily available and accessible this pleading form.

Amendment 3 is, "[t]o the fullest extent possible, . . . [to] be interpreted in accordance with the purpose and intent set forth in this section[,]" which is,

to make marijuana legal under state and local law for adults twenty-one years of age or older, and to control the commercial production and distribution of marijuana under a system that licenses, regulates, and taxes the businesses involved while protecting public health. The intent is to prevent arrest and penalty for personal possession and cultivation of limited amounts of marijuana by adults twenty-one years of age or older; remove the commercial production and distribution of marijuana from the illicit market; prevent revenue generated from commerce in marijuana from going to criminal enterprises; prevent the distribution of marijuana to persons under twenty-one years of age; prevent the diversion of marijuana to illicit markets; protect public health by ensuring the safety of marijuana and products containing marijuana; and ensure the security of marijuana facilities.

*Id.* art. XIV, §2.1.

Amendment 3 also re-defines marijuana as:

Cannabis indica, Cannabis sativa, and Cannabis ruderalis, hybrids of such species, and any other strains commonly understood within the scientific community to constitute marijuana, **as well as resin extracted from the marijuana plant and marijuana-infused products.**

---

provisions of Amendment 3. Amendment 3 does not expressly set forth this burden-shifting. In this case, we conclude that R.M.S. has established that he is entitled to expungement as is set forth below.

7

*Id.* art. XIV, §2.2(13) (emphasis added).  Marijuana-infused products are "products that are infused, dipped, coated, sprayed, or mixed with marijuana **or an extract thereof,** including, but not limited to, products that are able to be vaporized or smoked, edible products, ingestible products, topical products, suppositories, and infused prerolls." *Id.* art. XIV, §2.2(16) (emphasis added).

In his petition for expungement, R.M.S. argued, as to Count I, that the apothecanna cream, which contained "suspected THC," and the Re-leaf tincture, which included THC, are no longer criminal under the post-*Fox* definitions of marijuana contained in Article XIV, section 2, and therefore expungement was warranted.  The State, in its argument before the trial court, acknowledged that under the law as it is today, "if you were found with the same substances in [THC], we couldn't charge them." However, the State then argued that only THC derived naturally from marijuana was eligible to be expunged, not synthetic THC, and it was up to R.M.S. to prove the THC-infused products that he possessed in the underlying offense were not derived from synthetic THC; R.M.S. could not do this because "we don't have physical evidence of the [THC]."  In its brief before this Court the Highway Patrol acknowledges that THC extracted from marijuana plants may fall within the definition of "marijuana-infused products", but argues this is irrelevant because THC can also be derived from synthetic cannabinoids, which would not fall within the definition "marijuana-infused products" because synthetic THC is not a marijuana extract but an artificially created substance.

In statutory expungement cases, the petitioner has the burden to prove he is entitled to expungement.  *R.H. v. Mo. State Highway Patrol Crim. Recs. Repository*, 578

8

S.W.3d 398, 403 (Mo. App. E.D. 2019). The State contends that R.M.S. can only accomplish this by affirmatively proving he did not possess synthetic THC in his underlying criminal case. Accordingly, the State implicitly agrees that R.M.S. is entitled to expungement if he can establish that he could not have been found guilty of possession of synthetic THC in the underlying case. We conclude that R.M.S. met this burden. As this Court recently held, in *Mims v. State*, 689 S.W.3d 171 (Mo. App. W.D. 2024), the consequences of a guilty plea after the fact must be based on the offense with which the defendant was *charged* and on the actions to which he admitted. In this case, R.M.S. was not charged with having possessed synthetic THC. The probable cause statement following his arrest did not allege that R.M.S. possessed synthetic THC. The charging document and the probable cause statement affirmatively state the substance was THC, and there is no mention whatsoever of synthetic THC. Accordingly, R.M.S. established that he did not plead guilty to and was not found guilty of possession of synthetic THC, even if the underlying facts would have supported different or more serious charges.

It is of note that R.M.S. was charged in Count II pursuant to 579.015.3, which criminalizes both the possession of marijuana and synthetic marijuana. The State does not argue that, in order to be entitled to expungement of the charge under Count II, R.M.S. was required to prove that the substance he possessed was not synthetic marijuana. Under Count II he was charged specifically with and pled guilty to the offense of possession of marijuana. Similarly, under Count I, R.M.S. was charged with and pled guilty to the offense of possession of THC. The charging document and the probable cause statement from the underlying offenses do not mention in any fashion

9

synthetic marijuana or synthetic THC.  Just as R.M.S. is entitled to expungement under Count II because he was charged with and pled guilty to possession of marijuana, not synthetic marijuana, under Court I he is entitled to expungement because he was charged with and pled guilty to possession of THC, not synthetic THC.

The trial court did not make a factual finding that R.M.S. possessed synthetic THC, but rather made its decision to deny R.M.S.'s petition based on a half-hearted conclusion that Amendment 3, perhaps did not overrule *Fox*, and conviction for possession of THC, whether natural or synthetic, did not qualify for expungement.

> I'll be honest with you, . . . when I first was going through Amendment 3 and I had a case in Saline County, I was leaning toward I thought it would qualify.  But then when I read and re-read *State v. Fox* and used their rationale and analysis, I decided that Amendment 3 probably doesn't cover it.  It probably should have.  But I don't think the wording is clear that it does.  And, therefore, I came down from the standpoint that tetrahydrocannabinol does not qualify for an expungement.  So maybe this is the case that gets the definition.

In its written judgment, the trial court did not base its decision on the substance being synthetic THC, but found that THC is "a separate controlled substance than marijuana and is therefore not a 'marijuana offense'" and therefore possession of THC is not subject to the expungement provisions of Amendment 3.  Our *de novo* review of this legal conclusion is that it is incorrect, and that possession of small amounts of marijuana-derived THC are eligible for expungement under Amendment 3, as it constitutes a "resin extracted from the marijuana plant," and products made from it constitute "marijuana-infused products."  R.M.S.'s Point I is granted.

10

## Conclusion

For the above-stated reasons, we affirm the trial court's expungement of R.M.S.'s conviction under Count II.  We reverse the judgment of the trial court which denied the expungement of R.M.S.'s conviction under Count I, order R.M.S.'s conviction under Count I expunged pursuant to Article XIV, section 2.10(7)(a)c.

_____
Gary D. Witt, Judge

All concur

11